# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEOFFREY H. ANDERSON,**

    **Plaintiff,**

**vs.**                                                       Case No. 4:09cv133-RH/WCS

**SHIRLEY BATES,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

In a separate order entered this day, the *pro se* Plaintiff has been granted *in forma pauperis* status. It is now appropriate to review the complaint, doc. 1.

Plaintiff is suing Defendant Shirley Bates, an Assistant State Attorney. Doc. 1, p. 4. Plaintiff contends that while acting in that capacity, and during a hearing held on October 12, 2007, the Defendant "produced malicious witness testimony" which he claims presented "false accusations" from witnesses. Plaintiff claims these actions deprived him of his due process rights, his right to a fair trial under the Sixth Amendment, violated his equal protection rights, and violated the Eleventh Amendment. *Id.*, at 7. Plaintiff seeks compensatory and punitive damages and other relief as may be

appropriate.  *Id.*, at 8.  Attached to the complaint are five pages of "state claims" which Plaintiff wants to accompany the federal claims and which adds the State of Florida, the Office of the State Attorney, and State Attorney Willie Meggs as additional Defendants.  *Id.*, at 9-13.

Plaintiff has not alleged any facts which support an equal protection claim under the Fourteenth Amendment.  Because Plaintiff fails to show he was treated differently than any other similarly situated person, and because Plaintiff fails to show the Defendant acted with an impermissible and discriminatory intent against him based on any constitutionally-protected status such as race, gender, age, or the like.  This claim is insufficient and fails to state a claim upon which relief may be granted.

Furthermore, Plaintiff cannot present a viable claim under the Eleventh Amendment either.  That Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Amendment provides sovereign immunity to un-consenting States, it does not bestow any rights on an individual.  Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003).

Plaintiff has also failed to identify any facts which support a Sixth Amendment claim.  Plaintiff has not shown that he was denied the opportunity to present evidence in opposition to the State's evidence.  Plaintiff has not shown that the Defendant herself violated Plaintiff's rights by presenting witnesses who testified in a manner Plaintiff contends is false.  The witness presented the testimony, not the Assistant State

Attorney. Nevertheless, such claims are more appropriately presented as habeas claims, not as civil rights claims.[1]

Regardless, all of Plaintiff's civil rights claims against the Defendant lack merit as the law has been clearly established for many years that State Attorneys and Assistant State Attorneys are immune from suit and may not be hailed into court to defend the manner in which they have presented the State's case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). A prosecutor, and assistant prosecutor, is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate, including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Plaintiff's claims are meritless as this Defendant may not be sued for monetary damages.

Finally, as there are no surviving federal constitutional claims, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the attached state law claims. Such a decision is entirely within the Court's discretion as specified in 28 U.S.C. § 1367(c)(3). Lucero v. Trosch, 121 F.3d 591, 597-598 (11th Cir. 1997); Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559 (11th Cir. 1994). As all claims must be dismissed over

---

[1] It is possible, and not clear from Plaintiff's complaint, that Plaintiff was not convicted of a crime and, thus, there would not be a basis to present a habeas corpus petition.

which this Court has original jurisdiction, the Court should decline to exercise its supplemental jurisdiction over the state law claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) as the Defendant is entitled to absolute immunity from suit challenging the presentation of evidence against Plaintiff.

**IN CHAMBERS** at Tallahassee, Florida, on July 24, 2009.

   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**