# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

GEOFFREY H. ANDERSON,

    Plaintiff,

v.                                                    CASE NO.  4:09cv133-RH/WCS

SHIRLEY BATES,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 13) and the objections (document 14).  I have reviewed *de novo* the issues raised by the objections.

The plaintiff has sued a state prosecutor for actions she took in state court in presenting the state's evidence in a criminal case.  The plaintiff says the prosecutor failed to disclose witnesses in advance, presented false testimony, and did it all as part of a conspiracy among judges, prosecutors, and public defenders.

The report and recommendation correctly concludes that the case is barred by absolute prosecutorial immunity.  *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).  In the objections, the plaintiff says *Imbler*

did not involve a conspiracy, but this does not matter; if a prosecutor could be sued based simply on an allegation of conspiracy, little would remain of prosecutorial immunity. And the plaintiff says the egregious nature of the misconduct—failing to disclose witnesses in advance, presenting false testimony, and doing it as part of a conspiracy—means the prosecutor was acting outside the scope of her role as a prosecutor. But she was presenting the state's case in court—the very core of the prosecutorial function. Again, if a prosecutor could be sued based simply on an allegation that she called a witness who testified falsely, little would remain of prosecutorial immunity.

Two procedural matters do not affect the conclusion that the case should be dismissed. First, the plaintiff has filed an amended complaint. But it, like the original complaint, is subject to dismissal based on prosecutorial immunity. Second, the plaintiff has filed a motion—his second—to consolidate the case with a separate case against other alleged conspirators. But the claim against the prosecutor would still be barred by prosecutorial immunity, no matter how many other alleged coconspirators were joined as defendants.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is ACCEPTED.

2. The clerk must enter judgment stating, "The plaintiff's claims are

dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)."

 3. The second motion to consolidate (document 15) is DENIED.

 4. The clerk must close the file.

 SO ORDERED on August 22, 2009.

             <u>s/Robert L. Hinkle</u>
             United States District Judge